UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TEXAS PRISON
CONDITIONS-OF-CONFINEMENT LITIGATION                              MDL No. 2569


ORDER DENYING TRANSFER


**Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, the Texas Department of Criminal Justice (TDCJ) and 26 related individual defendants, who are TDCJ officials or employees,[1] move to centralize this litigation in the Southern District of Texas. The litigation consists of the seven actions listed on the attached Schedule A.[2]

The moving TDCJ defendants represent that defendant the University of Texas Medical Branch (UTMB) and related defendants do not oppose the motion. Plaintiffs in the seven actions, as well as a potential tag-along pending in the Northern District of Texas, submitted a joint response in support of centralization.[3] Charles C. Taylor, Jr., an inmate at one of the subject prison facilities, who is proceeding *pro se*, also submitted a brief supporting centralization. The *pro se* plaintiff in a potential tag-along action (*Fountain*) pending in the Eastern District of Texas, however, filed a response in opposition to inclusion of his action in an MDL, if one is created.

These seven actions (six individual wrongful death actions and one class action) involve allegations that inmates in various Texas state prison facilities – in particular, prisoners with disabilities – have suffered injury or death as a result of conditions in inmate living quarters alleged often to be brutally hot during the summer months. In each of the seven actions, plaintiffs allege that the individual defendants are liable under 42 U.S.C. § 1983 for violating the Eighth and Fourteenth Amendment rights of plaintiffs or their decedents to protection against cruel and unusual punishment, and that defendants TDCJ and UTMB failed to provide reasonable accommodation for the disabilities of plaintiffs or their decedents in violation of the Americans with Disabilities Act and the Rehabilitation Act. Undoubtedly, the actions share certain factual issues regarding, *inter alia*,

---

[*]   Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]   These include, *inter alia*, the executive director of the TDCJ, the director of TDCJ's Correctional Institutions Division, as well as wardens, correctional officers, and nurses at the various Texas prison facilities at issue in these cases.

[2]   The Panel has been informed of four additional related federal actions.

[3]   These plaintiffs argue, however, that the Northern District of Texas constituent action (*McCollum*) should not be transferred until after a ruling on their motion for sanctions pending therein.

- 2 -

defendants' policies and practices with respect to inmate housing conditions during periods of high heat.

On the basis of the papers filed and the hearing session held, however, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. In our judgment, several considerations weigh against creation of an MDL.

First, each of the seven actions involves numerous non-common factual issues. Six of the seven actions are individual wrongful death actions. Each of those six actions involves a unique inmate who was incarcerated at a unique facility and whose death necessarily occurred in unique circumstances.[4] For example, the plaintiff's decedent in the Southern District of Texas *Hinojosa* action is alleged to have been a 44 year old male who suffered from hypertension, depression, schizophrenia, and diabetes, and who died in August 2012, at the Garza West Unit, a transfer facility located in Bee County. In contrast, in the Northern District of Texas *McCollum* action, the plaintiffs' decedent is described as a 58 year old male who suffered from hypertension and diabetes, and who died in July 2011 at the Hutchins State Jail in Dallas – more than 300 miles from the facility at issue in *Hinojosa*.

Second, these actions are at markedly different procedural postures.[5] The *McCollum* action has been pending since late June 2012, whereas the Southern District of Texas *Bailey* action was just filed in June 2014. According to the record, the discovery cutoff in *McCollum* passed in early May 2014. Although defendants have agreed – in response to plaintiffs' sanctions motion – that discovery in *McCollum* should be reopened (including reopening at least four of the fourteen depositions taken), the action still is well ahead of the six others.

Third, the same law firm represents plaintiffs in all seven actions, and defendants are all represented by the Texas attorney general. Given the limited number of involved counsel, we believe that cooperative efforts by counsel and informal coordination among the involved courts should be practicable.[6]

---

[4] The seventh action, Southern District of Texas *Bailey*, is a putative class action involving a prison facility not at issue in any of the other actions.

[5] *See, e.g., In Re: Lloyds Bank PLC Int'l Mortgage Serv. Loan Litig.*, 997 F. Supp. 2d 1352, 1353 (J.P.M.L. 2014) (denying centralization of three actions based, in part, on their "widely varying procedural postures").

[6] *See In re: TD Bank, N.A., Gift Card Fees Litig.*, 703 F.Supp.2d 1380, 1381 (J.P.M.L.2010) (denying centralization, where, inter alia, all plaintiffs were represented by common counsel).

- 3 -

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Sarah S. Vance
R. David Proctor

**IN RE: TEXAS PRISON**
**CONDITIONS-OF-CONFINEMENT LITIGATION**          MDL No. 2569

## SCHEDULE A

<u>Eastern District of Texas</u>

WEBB, ET AL. v. LIVINGSTON, ET AL., C.A. No. 6:13-00711
ADAMS, ET AL. v. LIVINGSTON, ET AL., C.A. No. 6:13-00712
TOGONIDZE, ET AL. v. LIVINGSTON, ET AL., C.A. No. 6:14-00093

<u>Northern District of Texas</u>

MCCOLLUM, ET AL. v. LIVINGSTON, ET AL., C.A. No. 3:12-02037

<u>Southern District of Texas</u>

HINOJOSA v. LIVINGSTON, ET AL., C.A. No. 2:13-00319
MARTONE, ET AL. v. LIVINGSTON, ET AL., C.A. No. 4:13-03369
BAILEY, ET AL. v. LIVINGSTON, ET AL., C.A. No. 4:14-01698